## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | 1:93-cr-148-LJM-KPF-10 |
| | ) | |
| PORTER BRIAN TAPPS, | ) | |
| | ) | |
| Defendant. | ) | |

### Entry Further Discussing Motion for Modification of Sentence

In November 2007 the Sentencing Commission reduced the base offense level for most crack offenses by two levels and made that change retroactive. *See* U.S.S.G. § 2D1.1(c); Guidelines Manual, Supp. to App. C 226-31 (2008) (Amendment 706); *see generally United States v. Lawrence,* 535 F.3d 631 (7th Cir. 2008).

Porter Tapps sought modification of his sentence based on the foregoing. The court granted his motion and modified his sentence to 365 months. In doing so, the court imposed a sentence at the top of a guideline range of 292 to 365 months.

Tapps appealed the sentence modification just described. On March 29, 2010, the Court of Appeals issued its Order, which provides in part:

> Tapps' new sentence range was 292 to 365 months. The district judge did not explain why he resentenced Tapps at the top of that range and rejected Tapps' request for a lower sentence. Without that explanation, appellate review is not possible. We therefore order a limited remand so that the district judge can comply with Circuit Rule 50.

Once the limited remand was received, the court re-appointed counsel for Tapps and gave the parties a period of time in which to "file any additional materials pertinent to the limited remand and this court's duties pursuant to that matter." The parties have done so.

Having reviewed the court's file, Tapps' motion, and the briefs pertaining to such motion, the court continues to finds that Tapps is eligible for a reduction under Amendment 706. The court also continues to find that a modified sentence of 365 months is appropriate. A further reduction in Tapps' sentence, even though within the new sentencing range, is not appropriate because of the nature and seriousness of the danger to the community that would be posed by a further reduction in sentence. *See* Application Note 1(B) of U.S.S.G. § 1B1.10.

**IT IS SO ORDERED.**

Date: 12/27/2010

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

William E. Marsh
Indiana Federal Community Defender
bill.marsh@fd.org

Melanie Conour
Office of the United States Attorney
melanie.conour@usdoj.gov